**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HENRY HARRIS**                                                                    **PLAINTIFF**

**v.**                                                     **CAUSE NO. 1:14CV435-LG-RHW**

**JACKSON COUNTY, MISSISSIPPI, ET AL.**                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
<u>GRANTING MOTIONS TO DISMISS</u>**

BEFORE THE COURT are the Motion [4] to Dismiss filed by the Jackson

County Sheriff's Department and the Jackson County Narcotics Task Force, and the

Motion [5] to Dismiss filed by Sheriff Mike Byrd and Officer Ken McClenic in their

official capacities.  These defendants allege that the plaintiff cannot state claims

against them because of their legal status.  The plaintiff has responded in

opposition, but the defendants have not replied.  The Court finds that neither the

Sheriff's Department nor the Narcotics Task Force is a legal entity capable of being

sued.  Furthermore, the claims against Byrd and McClenic in their official

capacities are indistinguishable from the claims against Jackson County.  For these

reasons, the Motions to Dismiss will be granted.

STANDARD OF REVIEW

The Jackson County Sheriff's Department and the Jackson County Narcotics

Task Force move for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

The Court construes the motion to dismiss the claims against Byrd and McClenic in

their official capacity as brought pursuant to Rule 12(b)(6) as well.  Under the Rule

12(b)(6) standard of review, this court accepts "all well-pleaded facts as true and

construes the complaint in the light most favorable to the plaintiff." *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (citation omitted).  A claim may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Nottingham v. Richardson*, 499 F. App'x 368, 372 (5th Cir. 2012) (citation omitted).

DISCUSSION

In this lawsuit, the plaintiff alleges he was subjected to excessive force during a raid conducted at a nightclub by the Jackson County Narcotics Task Force. Plaintiff has sued Jackson County, Mississippi, the Jackson County Board of Supervisors, the Jackson County Sheriff's Department, the Jackson County Narcotics Task Force, Sheriff Mike Byrd, Officer Ken McClenic, and a number of John and Jane Does.

The Sheriff's Department and the Task Force argue that they are not separate legal entities distinct from Jackson County and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  Whether the Sheriff's Department and the Task Force have the capacity to be sued must be determined by Mississippi law.  Fed. R. Civ. P. 17(b)(3).

It has been clear for some time that in Mississippi, a sheriff's department is not a separate legal entity which may be sued.  *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006).  "[T]he Sheriff's Department does not enjoy a separate legal existence, apart from [the] County."  *Id.; accord Venuto v. Jackson Cnty.*, No. 1:13CV198-LG-JCG, 2014 WL 5280963, *1 (S.D. Miss. Oct. 15, 2014).  Thus, the

-2-

plaintiff is unable to state a claim upon which relief can be granted against the Jackson County Sheriff's Department, and it is entitled to dismissal.

The Task Force was created through an interlocal governmental agreement between Jackson County and various municipalities. Mississippi Code § 17-13-7 authorizes such interlocal governmental agreements "for joint or cooperative action to provide services and facilities." Plaintiff requests the opportunity to conduct discovery on the issue of whether the Task Force is a legal entity. He notes that the Task Force has procured an insurance policy, which may show that the Task Force has the ability to sue and be sued. However, the Mississippi Attorney General has opined that under Mississippi law, a narcotics task force formed under an interlocal agreement is not a legal entity. Op. Atty. Gen. No. 96-0628, Hicks, Sept. 20, 1996. Claims against a narcotics task force have been dismissed for this very reason. *See Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 296 n.1 (5th Cir. 2004). The Court therefore finds that the plaintiff is unable to state a claim upon which relief can be granted against the Jackson County Narcotics Task Force, and it is entitled to dismissal.

Finally, Sheriff Mike Byrd and Officer Ken McClenic request dismissal of the claims against them in their official capacities. The plaintiff makes an argument against dismissal that references qualified immunity, which only applies to the claims against these defendants in their individual capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is

the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal citation omitted).  Jackson County, "the real party in interest," is before the Court.  *Id.* Plaintiff's official capacity claims against Sheriff Byrd and Officer McClenic are thus "duplicative or redundant" and subject to dismissal.  *Pride v. City of Biloxi*, No. 1:10cv100, 2011 WL 5835109, at *5 (S.D. Miss. Nov. 21, 2011) (citations omitted), *aff'd*, 552 F. App'x 334 (5th Cir. 2014).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [4] to Dismiss filed by the Jackson County Sheriff's Department and the Jackson County Narcotics Task Force is **GRANTED**.  Plaintiff's claims against these defendants are dismissed with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [5] to Dismiss filed by Sheriff Mike Byrd and Officer Ken McClenic in their official capacities is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2015.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE