IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY HARRIS**                                                                           **PLAINTIFF**

v.                                                                    CAUSE NO. 1:14-cv-00435-LG-JCG

**JACKSON COUNTY, MISSISSIPPI;**
**JACKSON COUNTY BOARD OF SUPERVISORS,**
**Individually and collectively;**
**JACKSON COUNTY SHERIFF'S OFFICE;**
**JACKSON COUNTY NARCOTICS TASK FORCE;**
**SHERIFF MIKE BYRD, OFFICER KEN McCLENIC,**
**OTHER UNKNOWN JOHN and JANE DOES, A-Z,**
**Individually and in their official capacities**                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the [42] Motion for Summary Judgment filed by Jackson County, Mississippi, the sole remaining defendant in this action.[1] Plaintiff Harris was granted an extension of time to file a response, but he did not do so within the time allowed. After due consideration of Jackson County's submissions and the relevant law, it is the Court's opinion that the County has shown the lack of an issue of material fact for the jury. Accordingly, the Motion will be granted and this case dismissed.

---

[1] The Jackson County Board of Supervisors was also named and remains a defendant, but as the body that conducts the County's business, *see* Miss. Const. art 6, § 170, the Board is indistinguishable from the County in this case. *See also* 3 Miss. Prac. Encyc. of Miss. Law § 19:27 (2d ed.) ("[t]he board of supervisors within each county performs the legislative functions of county government and, as well, more than a few executive functions.") The Court will treat them together as "Jackson County."

BACKGROUND

Harris filed his lawsuit in the Circuit Court of Jackson County, Mississippi, against certain Jackson County, Mississippi officials and entities. In his Complaint, Harris alleges that on July 10, 2013, Jackson County violated his constitutional rights through use of excessive force, and asserts claims of conspiracy pursuant to 42 U.S.C. §§ 1985(3) and 1986, and state law claims of false arrest, false imprisonment, slander and libel, assault, battery, criminal conversion, common law conspiracy, and negligent and intentional infliction of emotional distress. After resolution of two dispositive motions, all that remains of the case is Harris' claim that Jackson County violated his constitutional rights through wrongful arrest and use of excessive force. (*See* Order Granting Motion to Dismiss, ECF No. 8; Order Granting Motions for Summary Judgment, ECF No. 21).

The facts underlying Harris' claims have been fully set out in the Court's previous orders. Briefly stated, a property Harris owned was under investigation for suspected gambling. Jackson County officers executed a search warrant at the property while gambling was underway. Harris was injured when he tried to evade the officers. According to an officer at the scene, Harris ran into a door, fell to the ground, and was struck once with a baton in a "green area" when he did not comply with the officer's orders. Harris alleges he fell because the officer struck him with a baton in the back and elbow. Harris alleges he injured his elbow when he fell. He was transported to the Singing River Hospital Emergency Room for treatment.

THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Plaintiff has not submitted any argument or evidence in opposition to the Defendant's Motion. Nevertheless, the Defendant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

DISCUSSION

Harris describes this as a "federal civil rights action brought as a result of what the Plaintiff alleges was a blatant violation of, inter alia, the federal, civil, constitutional and human rights of the Plaintiff." (Compl. 1 (¶1), ECF No. 1-2). Title 42 U.S.C. § 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).

There are only a few sentences in Harris' Complaint that refer to Jackson

County. The first is in the "preliminary statement" and applies to his claims of wrongful arrest and excessive force.

> The Defendants orchestrated such actions as part and parcel of a course of conduct that resulted from a patterned [sic] practice that has become so pervasive within the [ ] ranks of the Defendants that the same has risen to the level of policy which the Defendants . . . have condoned and encouraged.

(Compl. 2 (¶1), ECF No. 1-2).

Harris also makes allegations that indicate a claim against the County for failure to train and supervise, leading to the constitutional violations. For example, when describing the Jackson County Board of Supervisors, he states that they are sued "for allowing such illegal and blatantly offensive practices to continue in this County without exercising the requisite level of oversight and supervision as vested in it by the State of Mississippi." (*Id.* at 3 (¶5)). In "Count 2," he alleges that the Jackson County Board of Supervisors "failed to properly supervise, train, and oversee the conduct of their officers and agents herein thus they violated 42 USC Section 1986. . . ." (*Id.* at 6 (¶15)).

*Constitutional Claims Against Jackson County*

In order to establish Jackson County's liability under § 1983, Harris must show the deprivation of a federally protected right caused by action taken "pursuant to an official [ ] policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "A plaintiff must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*,

-4-

613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Harris does not plead the existence of a written policy regarding wrongful arrest and excessive force, but one that has become pervasive, and that Jackson County has condoned and encouraged. Official policy may "arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski*, 237 F. 3d at 579). "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984)).

"It is thus clear that a plaintiff must demonstrate 'a pattern of abuses that transcends the error made in a single case.'" *Peterson*, 588 F.3d at 850-51 (quoting *Piotrowski*, 237 F.3d at 582). "A pattern also requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'" *Id.* (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)). A plaintiff seeking to withstand summary judgment must provide sufficient evidence "to provide context that would

show a pattern of establishing a municipal policy." *Id.* at 851.

Harris does not plead a pattern of similar abuses, and the County has shown that Harris does not have evidence of a pattern of similar abuses. (*See* Def. Mem. at 7, ECF No. 43). Jackson County has therefore shown that it is entitled to summary judgment on the issue of an unofficial custom or policy of wrongful arrest and excessive force as a basis for imposing municipal liability against the County.

*Failure to Train and Supervise*

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). However, "[e]stablishing a case of municipal liability based on inadequate training is a tall task." *Graham v. Hodge*, 69 F. Supp. 3d 618, 627 (S.D. Miss. 2014) *aff'd*, 619 F. App'x 394 (5th Cir. 2015). Harris must show the following in order to recover on his failure to train/supervise allegations: 1) the inadequacy of the training procedures; 2) the deliberate indifference of official policymakers in adopting the training procedures; and 3) that the inadequate training was a moving force behind the constitutional violation. *See Kitchen v. Dallas Cty., Tex.,* 759 F.3d 468, 484 (5th Cir. 2014).

Harris neither makes allegations concerning these elements in his Complaint nor provides evidence of them in connection with this Motion. As there are no allegations or evidence that the County's purportedly inadequate training and supervision of its officers rose to the level of an official government policy or custom

for purposes of § 1983, summary judgment in favor of Jackson County is warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [42] Motion for Summary Judgment filed by Jackson County, Mississippi is **GRANTED**. Plaintiff's claims against Jackson County, Mississippi and the Jackson County Board of Supervisors are **DISMISSED.** Because all claims have now been resolved, a separate judgment will issue.

**SO ORDERED AND ADJUDGED** this the 23rd day of May 2016.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge